IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD SMITH and OHANNES KOROGLUVAN, | ) ) ) | |
| Appellants, | ) ) | |
| v. | ) | 11 C 5036 |
| | ) ) | Judge Virginia M. Kendall |
| VARTAN SEFERIAN, | ) | |
| Appellee. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Richard Smith and Ohannes Korogluyan ("Appellants") appeal a decision of the Bankruptcy Court for the Northern District of Illinois granting summary judgment in favor of the debtor, Vartan Seferian ("Appellee"). The Appellants argue that the decision of the bankruptcy court was wrong and must be reversed. They claim that the Appellee procured his discharge of debt by fraud and that he violated an order of the bankruptcy court. For the reasons set forth below, the decision is affirmed.

## I. The Procedural Background

Appellants are judgment creditors of Vartan Seferian, the bankrupt. Appellants obtained a state court judgment against Seferian for $214,000 prior to his filing for bankruptcy protection. On January 29, 2009, Seferian filed for relief under Chapter 7 of the Bankruptcy Code. The meeting of the creditors took place on March 13, 2009. Shortly thereafter, the Appellants moved for leave to conduct Rule 2004 examinations of Seferian, his wife Barbara, his mother Elmast, and another person named Yousif Bahi. The Rule 2004 motion was filed 25 days before the deadline to object

1

to the debtor's discharge.  In the Rule 2004 motion, Appellants stated:

> At the 341 meeting, the debtor admitted that either he or his wife engaged in financial transactions with Elmast and Yousif that were not disclosed in debtor's schedules.
>
> Upon information and belief, the debtor has been improperly concealing/transferring assets and has involved his wife Barbara Seferian and Yousif Bahi in the concealing/transferring of said assets.

The bankruptcy court granted the motion for leave to conduct the Rule 2004 examinations on April 24, 2009.  The examinations were originally scheduled for May 13 and 14, 2009.  However, at Seferian's request the examinations were rescheduled, and ultimately were conducted on June 23, 2009.

On May 13, 2009, the bankruptcy court granted Seferian a discharge of debt.  Seferian's creditors received notice of the case, including the Appellants, on January 30, 2009.  The notice identified May 12, 2009 as the deadline for the parties in interest to file complaints objecting to the discharge.  Nevertheless, Appellants failed to request an extension of the deadline to object pursuant to Fed. R. Bankr. P. 4004(b) and they failed to object to the discharge prior to the deadline.

Appellants filed the instant adversary proceeding in December 2009, seeking to revoke the discharge of debt granted to Seferian.  The adversary complaint in the bankruptcy court contained two counts.  Count I claimed revocation of the discharge pursuant to 11 U.S.C. § 727(d)(1), alleging that Seferian obtained his discharge through fraud because he concealed assets and failed to disclose various financial transactions in his schedules.  Count II claimed revocation of the discharge pursuant to 11 U.S.C. § 727(d)(3), alleging that Seferian disobeyed an order of the court by refusing to respond fully  to questions during his Rule 2004 examination and by failing to produce requested

documents.

Seferian moved for summary judgment on both counts of the complaint, which the bankruptcy court granted on June 2, 2011.  As to Count I, the court held that the undisputed facts failed to establish that the Appellants were unaware of the fraud before Seferian's discharge was granted.  As to Count II, the court held that the undisputed facts failed to establish that Seferian disobeyed any order of the court.  This appeal followed.

Appellants make two claims on appeal.  First, Appellants claim that the bankruptcy court erred in finding that they had actual or constructive knowledge of the fraud prior to the May 12 deadline.  Second, they contend that the bankruptcy court incorrectly concluded that Seferian had complied with an order of the court.

## II.  The Standard of Review

This Court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo.  *See Reeves v. Davis*, 638 F.3d 549, 553 (7th Cir. 2011); *In re Doctors Hosp. of Hyde Park,* 474 F.3d 421, 426 (7th Cir. 2007).  Under the clearly erroneous standard, "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *See Tidwell v Smith*, 582 F.3d 767, 777 (7th Cir. 2009) (quoting *United States v U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).  When the evidence viewed on appeal discloses two permissible views, the choice between them by the initial factfinder cannot be clearly erroneous.  *Freeland v. Enodis Corp.*, 540 F.3d 721, 732 (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).  The clearly erroneous standard "does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Bessemer City*, 470

U.S. at 573.

**III. Discussion**

*A. Knowledge of the Fraud*

The bankruptcy judge found that the Appellants had sufficient knowledge of the fraud before the deadline to object and so entered summary judgment in the Appellee's favor. In order to obtain revocation under § 727(d)(1) the Appellants must establish that this finding was a clear error. Under § 727(d)(1) the court may revoke a debtor's discharge if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1). The narrow issue addressed by the bankruptcy court and now before this Court is whether the Appellants knew of Seferian's alleged fraud before the discharge. This is a question of fact, and the conclusion of the bankruptcy judge will only be disturbed if clearly erroneous. *See Tidwell*, 582 F.3d at 777 (noting that a decision by the bankruptcy judge as to whether failing to schedule lawsuits was fraudulent under § 727(d)(1) is subject to clear error review); *In re Jones*, 71 B.R. 682, 683 (S.D. Ill 1987) (holding that the bankruptcy court's decision that the debtor did not commit fraud within the meaning of § 727(d)(1) is reviewed for clear error). Although this Court exercises jurisdiction to review decisions of the bankruptcy courts, that review is limited and this Court does not sit as a second trier of facts. *See Tidwell*, 582 F.3d at 777.

The burden to obtain information relating to fraud remains on the creditors, who must investigate the bankrupt's affairs before discharge. *See Mid-Tech Consulting, Inc. v. Swendra*, 938 F.2d 885, 888 (8th Cir 1991); *Bank of India v. Kaliana*, 202 B.R. 600, 604 (N.D. Ill. 1996). The bankruptcy judge noted that the majority of courts have concluded that a creditor cannot bring a successful § 727(d)(1) revocation action if the creditor had any information or knew of any facts that

4

would have put him on notice of possible fraud. *See Mid-Tech Consulting*, 938 F.2d at 888; *Smith v. Tidwell,* No. 08 C 46, 2008 WL 4067306 (N.D. Ill. Aug. 27, 2008); *Zedan v. Habash*, 360 B.R. 775, 780 (N.D. Ill. 2007); *Kaliana*, 202 B.R. at 605. The bankruptcy court rejected the Appellants' argument (which they also make now on appeal) that § 727(d)(1) requires a more complete knowledge of the fraud, and held that notice of the fraud is sufficient.

Knowledge of facts that would ordinarily put a reasonable person on notice of the alleged fraud precludes revocation under § 727(d)(1). *See, e.g., In re Arianoutsos*, 116 B.R. 116 (N.D. Ill. 1990). Creditors who have only a suspicion that a debtor has committed fraud have remedies available to them: they may petition the bankruptcy court for an extension of time in which to file objections, *see* Fed. R. Bankr. P. 9006(b), or they may ask for additional time in which to conduct discovery, *see* Fed R. Bankr. P. 4004(b).

The bankruptcy court found that the Appellants did, in fact, have knowledge of the fraud before the deadline to object to the debtor's discharge. The court noted the language in the Appellants' motion for leave to conduct Rule 2004 examinations as concrete evidence that the Appellants were aware of the fraud. In that motion the Appellants stated that "on information and belief" they knew that Seferian was "improperly concealing/transferring assets." This satisfies the knowledge requirement of § 727(d)(1) and bars the Appellants from revocation under § 727(d)(1). Appellants had Fed. R. Bankr. P. 4004(a) and 4004(b), as well as 9006(b) at their disposal to object to the discharge and request an extension of time in which they could have conducted further inquiry into the suspected fraud. Appellants failed to use these procedural safeguards, and instead waited to bring this adversarial action after the debtor's discharge of debt. A party seeking revocation under § 727(d)(1) bears the burden of proving that they were unaware of the fraud and failure to meet that

burden is fatal to an action for revocation. The bankruptcy judge therefore correctly entered summary judgment in Seferian's favor on Count I. That ruling was not clearly erroneous. *See Leibowitz v. Great Am. Group, Inc.,* 559 F.3d 644, 649 (7th Cir. 2009).

### B. Refusal to Comply With a Court Order

As an alternative means of revoking the discharge of debt granted to Seferian, the Appellants argue that the bankruptcy judge incorrectly concluded that Seferian did not violate 11 U.S.C. § 727(d)(3) by disobeying a lawful order of the court. Whether Seferian violated an order of the bankruptcy court is another question of fact, and the finding of the bankruptcy judge will only be reversed if clearly erroneous. *See In re Kelly,* No. 08 C 507, 2008 WL 4889518 (W.D. Wis. Nov. 12, 2008) (reviewing the bankruptcy court's finding that debtor had disobeyed an order of the court in violation of § 727(d)(3) for clear error); *Eckert v. Grochocinski*, No. 07 C 6012, 2008 WL 4547224 (N.D. Ill. April 2, 2008) (holding that the bankruptcy court's rulings on whether the debtor disobeyed an order of the court in violation of § 727(d)(3) were subject to clear error review).

A debtor's discharge may be revoked under § 727(d)(3) if, after the granting of the discharge, the debtor commits an act specified in § 727(a)(6)(A). That Section eliminates a bankrupt's discharge if he refuses to obey a lawful order of the court, except for orders to respond to a material question or to testify. *See* 11 U.S.C. § 727(a)(6)(A). Failure to obey an order of the court must be an intentional act of disobedience and not a mere accident, inadvertence, or inability. *See In re Eckert*, 375 B.R. 474, 480 (N.D. Ill. 2007). A mere failure to comply with an order of the court is not sufficient to establish a revocation. *Id.* Rather, the party seeking revocation must demonstrate a willfulness on the part of the debtor. *Id.* In his summary judgment opinion, the bankruptcy judge wrote that he could not identify a single order of the court that Seferian had failed to obey. Because

the case was handled by the judge, there is no person in a better position to know if a party violated an order of the court, than the court itself.

Appellants argue that Seferian was not sufficiently forthcoming or truthful in his Rule 2004 examinations, and therefore that he failed to comply with an order of the court. The bankruptcy court held that the order granting the motion to conduct Rule 2004 examinations was not "an order of the court" commanding Seferian to do or refrain from doing anything. Therefore, the bankruptcy judge concluded, it was not capable of being violated or disobeyed. This analysis by the bankruptcy court makes little sense however. Granting permission to conduct Rule 2004 examinations is an order of the court capable of being wilfully disobeyed, thus invoking § 727(d)(3). *See In re Eckert*, 375 B.R. at 480. Nevertheless, the bankruptcy judge correctly concluded that Seferian did not violate that order of the court.

Seferian attended the Rule 2004 examinations and gave testimony. Though he may not have been as forthcoming as the Appellants would have liked, he did not violate an order of the court by failing to "fully and properly testify in response to material questions" as the Appellants allege. Refusal to answer questions at a Rule 2004 examination is not the same as refusal to answer questions ordered by the bankruptcy judge. *See In re Merena*, 413 B.R. 792, 819 (D. Mont. 2009) (citing *Gore v. Kressner*, 206 B.R. 303 (S.D.N.Y. 1997)). Furthermore, revocation would still not be available because the statute expressly excludes from the proscription on disobeying court orders "an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). Since the bankruptcy judge could not identify an order of his own court which Seferian disobeyed, his decision to grant summary judgment in the Appellee's favor on Count II was not clearly erroneous and must be upheld. *See Leibowitz,* 559 F.3d at 649.

**IV. Conclusion**

      The appeal is denied and the holding of the bankruptcy court is affirmed.


_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 21, 2011